JULIA SAMUEL, IMPLEADED, ETC., PLAINTIFF, v. WILLIAM CHRISTIANSEN, DEFENDANT.

Submitted October 16, 1931—Decided February 5, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the plaintiff, *Jacob H. Bernstein.*

For the defendant, *James F. Patten.*

PER CURIAM.

The plaintiff, driving her own Ford car, and having a friend named Julia Cervencik as an invited passenger, was driving easterly on the road from South Amboy to Keyport, on her way to a bathing beach which lay to the north of the road and required her in order to go there to turn off the main road to the left and enter the side road leading to the beach, which side road was at a short distance west of the top of a rise in the main road. It was July 28th, a Saturday afternoon between two and three P. M. Plaintiff testified that there were cars behind as well as in front of her, going towards Long Branch, but only an occasional car going the other way. Defendant's testimony was that the shore-bound traffic was a continuous line and that there was little or nothing moving west besides his own car. Plaintiff turned to her left across the main road to enter the side road, and her car had all but left the concrete when it was caught on the right rear by the right side of defendant's car, and plaintiff's arm severely lacerated. She recovered a verdict of $3,000 for personal injuries and consequent expense and loss of wages, and $50 for damage to the car. Defendant counter-claimed for damage to his car but so far as the *postea* shows the jury did not specifically pass on the counter-claim.

The points made will be considered in order. The first is that the court refused to nonsuit for lack of proof of defendant's negligence. We cannot find that this was put forward as a ground of nonsuit. As we read the remarks of counsel when moving for a nonsuit, the argument seems to have been that the testimony for plaintiff as to the circumstances of

the accident was not credible. That would naturally be for the jury. Next, that there should have been a nonsuit for contributory negligence. What we have just said covers this also. Next, that the verdict is against the weight of evidence. As to this, the testimony presents the usual contradictions for a jury to consider and resolve. Plaintiff testified that she stopped, allowed two cars to pass from behind, saw others at a safe distance to the rear, and nothing coming in front, made a turn, put her left hand out and was almost off the pavement when she felt her car struck behind. Her friend testified much to the same effect, except that she saw defendant's car coming about seventy-five feet away as the front wheel of the Ford left the pavement. Defendant claimed that there was no hand signal and that the Ford in effect pulled out of a line and across in front of him about three car lengths away. On this dispute in the evidence the questions of negligence and contributory negligence were plainly for the jury, and we are unable to see that they disregarded their duty in finding as they did. As to absence of verdict on the counter-claim, the judge told them that if plaintiff should recover defendant could not recover on the counter-claim; so that if necessary the *postea* may be amended to include a suitable finding in that regard, even to the extent of moulding the verdict if in fact the jury made no mention of the counter-claim.

We cannot say the verdict is excessive. The injury was painful, plaintiff was incapacitated from work for about a year, has a permanent scar, and was put to expense for treatment and medicines.

The rule will be discharged.